Anne Kramer (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
akramer@llrlaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| ANNETTE WADE, individually and on behalf of similarly situated individuals,<br><br>Plaintiff<br><br>v.<br><br>4PLAY GENTLEMAN'S CLUB, d/b/a 4PLAY GENTLEMAN'S CLUB, and OLIVER BENDIG,<br><br>Defendants. | CLASS AND COLLECTIVE ACTION COMPLAINT |

1. Plaintiff Annette Wade ("Plaintiff" or "Wade") brings this class and collective action on behalf of herself and all other exotic dancers who have worked at 4Play Gentlemen's Club d/b/a 4Play Gentlemen's Club ("4Play" or "the Club"), which is, upon information and belief, owned by Defendant Oliver Bendig.  Plaintiff brings this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of herself and others similarly situated, and pursuant to various provisions of the California Labor Code and Unfair Competition Law ("UCL"). Plaintiff alleges that Defendants have misclassified 4Play's exotic dancers as independent contractors rather than employees and, in so doing, have violated various provisions of California and federal law, including: (Counts 1-2) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failure to pay them minimum wage and overtime compensation for

hours worked in excess of 40 a week, and for requiring dancers to pay fees and tip-outs, which constitute unlawful kick-backs under the FLSA; (Count 3) Cal. Lab. Code §§ 1197 and 1194 for failure to pay minimum wage; (Count 4) Cal. Lab. Code § 226(a) for failure to provide itemized wage statements; (Count 5) California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*; (Count 6) Cal. Labor Code §2802 by requiring dancers to pay various expenses that should have been borne by the employer; and (Count 7) Cal. Labor Code § 351 (enforceable through Cal. Bus. & Prof. Code § 17200) for failure to allow dancers to retain all gratuities paid by customers.

## PARTIES

2. Plaintiff Annette Wade ("Wade") is a resident of Los Angeles, California. Plaintiff has worked as an exotic dancer at 4Play Gentlemen's Club since February of 2015.

3. Defendant 4Play Gentlemen's Club ("4Play") is an establishment where live topless, semi-nude or nude dance entertainment is presented to adult members of the general public. 4Play is located at 2238 Cotner Ave., Los Angeles, CA.

4. Defendant Oliver Bendig is an owner-operator of 4Play Gentlemen's Club. He directs the operations of 4Play's business and is directly involved in 4Play's payroll and employee classification decisions.

## JURISDICTION AND VENUE

5. The court has subject matter jurisdiction under 29 U.S.C. § 201 et seq. (Fair Labor Standards Act), 28 USC § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in the Central District of California because the Defendants are located in Los Angeles County, in this judicial district, and because the events giving rise to the Complaint took place in Los Angeles, California, in this judicial district.

## FACTUAL ALLEGATIONS

7. 4Play is an adult entertainment club located in Los Angeles, California.

8. 4Play advertises that it is "AN UPSCALE GENTLEMEN'S CLUB" that "showcase[s] on a nightly basis the most attractive girls in the word."

9. 4Play classifies all exotic dancers who perform at its "gentlemen's club" as independent contracts, when in reality they are employees of the Club.

10. There are between 40-50 exotic dancers working at 4Play on any given night, and approximately 100 dancers at any given time who work for 4Play.

11. Defendants have exercised extensive over the manner in which their exotic dancers, including Plaintiff, perform their jobs and conduct themselves while on Defendants' premises, including what dancers are allowed to wear and how much dancers can receive from customers for private dances and sessions.

12. For example, Defendants require dancers to wear upscale lingerie and required that dancers maintain a slim physique. Defendants have fired multiple dancers for gaining weight. Dancers were not allowed to use spray lotions and were not allowed to leave items in their lockers.

13. Likewise, Defendants have established set shifts for dancers. The standard night shift is 10:00 p.m. to 4:00 a.m. Dancers are required to schedule shifts in advance and are required to provide advance notice if they are unable to attend their scheduled shifts.

14. Dancers are also required to perform onstage during their shifts.

15. In addition, the Defendants are in the business of providing adult entertainment to its patrons. The dancers perform services in the usual course of this businesses, and without the dancers, Defendants would have no business.

16. For example, Plaintiff and other exotic dancers who worked at 4Play performed dances on stage, private dances, and VIP room dances for Defendants' customers.

17. Likewise, 4Play posts a "Daily Line-Up" of exotic dancers on its website, documenting who is scheduled to perform each night at the Club.

18. Plaintiff and other exotic dancers who have worked at 4Play are also not engaged

in an independently established trade or business. When they dance at 4Play, dancers wear the "hat" of the club, rather than their own "hat" as an independent business.

19. 4Play maintains a website on which Defendants provide photographs and other information regarding the dancers who perform at the Club, including advertising the specific dates when dancers are working.

20. Plaintiff and other exotic dancers are compensated solely through tips collected directly from customers. Defendants do not pay Plaintiff and other exotic dancers any wages.

21. In order to perform their job, the dancers are required to pay various fees in the form of mandatory tip-outs of $10 to bartenders, $10 to security, and $20 to disc-jockeys (DJ's).

22. Plaintiff and other exotic dancers at 4Play regularly work in excess of forty (40) hours a week.

23. Exotic dancers who work for 4Play have not received any wages from Defendants and have not received an overtime premium (or any wages) for hours worked in excess of forty (40) hours a week.

24. Instead, any compensation the dancers have received has come directly from patrons in the form of gratuities or tips.

25. Out of these gratuities or tips, the dancers are required to pay a portion back to 4Play. The dancers are also required to share their tips with non-service employees who are not eligible to share in tips (such as bartenders, security, and DJs).

26. Even if these payments from patrons are deemed to be the dancers' "wages", the dancers have not been permitted to retain the full amount of these wages, since 4Play subtracts fees from these amounts (and requires the dancers to share them with other employees).

27. Due to their misclassification as independent contractors, Plaintiffs and other dancers have been required to bear expenses of their employment, including expenses for wardrobe that meets Defendant's requirements. California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the

4

employees to perform their jobs.

28. Defendants have failed to provide Plaintiff and other dancers with itemized wage statements showing the dancers' hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all other dancers who have performed at 4Play and who have been designated as "independent contractors" since four years prior to the filing of this complaint.

30. Plaintiff and other class members have uniformly been misclassified as independent contractors.

31. The members of the class or classes are so numerous that joinder of all class members is impracticable.

32. Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these dancers are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Defendants;

    b. Whether the work performed by class members— nude or semi-nude dancing — is within Defendants' usual course of business, and whether such service is fully integrated into their businesses;

    c. Whether these class members have been required to bear the expenses of their employment, such as expenses for their wardrobe.

    d. Whether class members are entitled to receive an hourly rate of the applicable California minimum wage for all hours worked at 4Play.

33. The named Plaintiff is member of the class or classes described above, who has suffered damages as a result of Defendants' conduct and actions alleged herein.

34. The named Plaintiff's claims are typical of the claims of the class or classes described above, and the named Plaintiff has the same interests as the other members of the class.

35. The named Plaintiff will fairly and adequately represent and protect the interests of the class members. The named Plaintiff has retained able counsel experienced in class action litigation. The interests of the named Plaintiff is coincident with, and not antagonistic to, the interests of the other class members.

36. The questions of law and fact common to the members of the class or classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## **COLLECTIVE ACTION ALLEGATIONS (FLSA)**

38. Plaintiff also brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at 4Play at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage or overtime compensation as required by the Fair Labor Standards Act, and were subject to unlawful kick-backs under the FLSA.

39. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that

have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

40.    Defendants' annual gross volume of sales made or business done exceeds $500,000.

## CLAIM FOR RELIEF

### Count I:  Minimum Wage and Overtime under the FLSA

41.    Plaintiff incorporates by reference the previous paragraphs of the Complaint.

42.    Pursuant to 29 USC § 206, an employer must pay employees at least the minimum wage for all hours worked, and 29 USC § 207 provides that overtime wages must be paid by the employer when the employee works more than 40 hours per week.

43.    The Defendants failed to pay Plaintiff and collective action members the minimum wage as required by 29 U.S.C. § 206.

44.    The Defendants also failed to pay Plaintiff and collective action members overtime wages for work in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

45.    Defendants' misclassification of dancers as independent contractors when they were really employees was knowing, willful, and intentional.

### Count II:  Unlawful Kickbacks under the FLSA

46.    Plaintiff incorporates by reference the previous paragraphs of the Complaint.

47.    The mandatory tip-outs that Defendants required from Plaintiff and the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA, 29 U.S.C. § 203(m).

48.    29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

49.    The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

7

50. Plaintiff and the members of the collective are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

### COUNT III: Violation of Cal. Lab. Code §§ 1197 and 1194

51. Defendants' conduct, as set forth above, in failing to pay their dancers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Defendants.

### COUNT IV: Violation of Cal. Lab. Code § 226(a)

52. Defendants' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of all dancers who have worked for Defendants during the relevant time period.

### COUNT V: Violation of Cal. Bus. & Prof. Code § 17200 et seq.

53. Defendants' conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Labor Code §§ 210, 226, 1194, 1197, and 2802. As a result of Defendants' unlawful conduct, Plaintiff and class members suffered injury in fact and lost money and property, including, but not limited to unpaid wages, unpaid minimum wages, gratuities they were not allowed to keep, and expenses that dancers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for Defendants in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

### COUNT VI: Violation of Cal. Lab. Code § 2802

54. Defendants' conduct, as set forth above, in misclassifying their dancers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Defendants during the relevant statutory period.

**COUNT VI: Violation of Cal. Lab. Code § 351**

**(Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq*.)**

55. Defendants' conduct, as set forth above, in failing to permit dancers to retain all gratuities, including dance fees, paid by customers, constitutes a violation of California Labor Code § 351. This violation is enforceable pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Defendants' conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendants have violated California Labor Code §351 in not permitting dancers to retain all gratuities, including dance fees, paid by customers. As a result of Defendants' conduct, Plaintiff and class members suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

**WHEREFORE**, Plaintiff requests that the Court enter the following relief:

   a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;
   b. An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

9

    c. Designation of Plaintiff as a representative of the putative class and collective action;

    d. Designation of Plaintiffs' Counsel as Class Counsel for the putative class and collective action;

    e. An award of monetary damages to Plaintiff and Class and Collective Action Members in the form of restitution pursuant to Cal. Bus. & Prof. Code § 17200, and back pay for unpaid minimum wages and overtime compensation, reimbursement of all unlawful withholdings from Plaintiff's and Class and Collective Action Members' wages, together with liquidated damages pursuant to federal law;

    f. Pre-judgment and post-judgment interest;

    g. Attorneys' fees and costs; and

    h. Such further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Anne Kramer_

Anne Kramer (SBN 315131)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
akramer@llrlaw.com

*Attorney for Plaintiff
and the Proposed Class and Collective*

Dated: June 5, 2020